JUDGE GRIESA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 3621

-----------------------------------------------------------------------------X

RONALD MACK,

                                        Plaintiff,

          -against-

CITY OF NEW YORK, NOEL MELENDEZ, Individually,
JAVISH ORTIZ, Individually, "JOHN" MARRERO, Individually,
"JOHN" DILLON, Individually, and JOHN AND JANE DOE 1
through10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                        Defendants,

-----------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded



          Plaintiff RONALD MACK, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

### Preliminary Statement

          1.       Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

          2.       This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

          3.       Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

          4.       Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff RONALD MACK is a forty year old man residing in the Bronx, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, NOEL MELENDEZ, JAVISH ORTIZ, "JOHN" MARRERO, "JOHN" DILLON, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

12.     On May 20, 2011, at approximately 11:00 a.m., plaintiff RONALD MACK was unlawfully stopped and searched in the vicinity of 143rd Street and Willis Avenue, Bronx, New York by defendant NYPD officers including but not limited to "JOHN" DILLON.

13.     Notwithstanding the fact that no illegal contraband was recovered from plaintiff and plaintiff had not committed any crime or offense, plaintiff was handcuffed, arrested, transported to the 40th precinct stationhouse, and imprisoned therein.

14.     While imprisoned at the 40th precinct, plaintiff was subjected to a humiliating and unlawful strip search wherein defendant officers compelled plaintiff to, *inter alia,* remove his clothing, lift his genitals, and to squat and cough.

15.     To justify plaintiff's unlawful arrest, the defendant officers participated in creating and manufacturing false evidence against plaintiff.

16.     Defendant JAVISH ORTIZ conveyed said false evidence to prosecutors causing said evidence to be used against plaintiff in a legal proceeding.

17.     Defendants NOEL MELENDEZ and JAVISH ORTIZ swore to false allegations that plaintiff had purportedly engaged in a drug transaction which formed the basis of the false criminal charges filed against plaintiff.

18.     As result of said false, sworn allegations, plaintiff was arraigned in Bronx County Supreme Court-Criminal Term.

19.     The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective

outside the legitimate ends of the legal process, to wit: for professional advancement, overtime compensation, and/or other objectives outside the ends of justice.

20.     At plaintiff's arraignment, bail was set on plaintiff's case, causing him to be imprisoned at the Vernon C. Bain Center until on or about May 25, 2011, when plaintiff posted bail and was released.

21.     As a result of the malicious prosecution, plaintiff was compelled to return to court on May 26, 2011, on which date all of the charges lodged against plaintiff were dismissed and sealed in Bronx County Supreme Court.

22.     Defendant NYPD officers NOEL MELENDEZ, JAVISH ORTIZ, "JOHN" MARRERO, "JOHN" DILLON, and JOHN and JANE DOE 1 through 10 either directly participated in, or were present and aware of the illegal conduct described herein, yet did nothing to intervene despite a reasonable opportunity to do so.

23.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, pursuant to a practice of falsification.

24.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the basis for arrests, prosecutions and strip searches, they engage in a practice of falsely arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of

4

justice, and that they engage in widespread falsification.

25.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

26.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

27.     As a result of the foregoing, plaintiff RONALD MACK sustained, *inter alia*, physical pain and suffering, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

28.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "27" with the same force and effect as if fully set forth herein.

29.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

30.     All of the aforementioned acts deprived plaintiff RONALD MACK of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of

5

42 U.S.C. §1983.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

33.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34.     As a result of the foregoing, plaintiff RONALD MACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

35.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     Defendants arrested plaintiff RONALD MACK without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

37.     Defendants caused plaintiff RONALD MACK to be falsely arrested and

unlawfully imprisoned.

38.     As a result of the foregoing, plaintiff RONALD MACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. §1983)

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants strip searched plaintiff RONALD MACK in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

41.     Defendants thereby caused plaintiff RONALD MACK to be deprived of his right to be free from unlawful strip searches.

42.     As a result of the foregoing, plaintiff RONALD MACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

43.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     Defendants initiated, commenced and continued a malicious prosecution against

plaintiff by providing false and/or misleading information to the Bronx County District Attorneys' office.

45.     The aforesaid prosecution terminated in favor of plaintiff when it was dismissed on or about May 26, 2011.

46.     As a result of the foregoing, plaintiff RONALD MACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

47.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     Defendants issued criminal process against plaintiff RONALD MACK by causing him to be arraigned and prosecuted for violation of the Penal Law.

49.     Defendants caused plaintiff RONALD MACK to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: for professional advancement, overtime compensation, and/or other objectives outside the ends of justice.

50.     As a result of the foregoing, plaintiff RONALD MACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

8

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

51.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     Defendants created false evidence against plaintiff RONALD MACK.

53.     Defendants utilized this false evidence against plaintiff RONALD MACK in legal proceedings.

54.     As a result of defendants' creation and use of false evidence, plaintiff RONALD MACK suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

55.     As a result of the foregoing, plaintiff RONALD MACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

56.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     Defendants had an affirmative duty to intervene on behalf of plaintiff RONALD MACK, whose constitutional rights were being violated in their presence by other officers.

58.     The defendants failed to intervene to prevent the unlawful conduct described herein.

59.     As a result of the foregoing, plaintiff RONALD MACK'S liberty was restricted

9

for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

60.    As a result of the foregoing, plaintiff RONALD MACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

61.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

62.    The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

63.    As a result of the foregoing, plaintiff RONALD MACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

64.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

65.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

66.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, unlawfully strip searching individuals, and the inadequate screening, hiring, retaining, training and supervising its employees, which were the moving force behind the violation of plaintiff RONALD MACK'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

67.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff RONALD MACK.

68.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff RONALD MACK as alleged herein.

69.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff RONALD MACK as alleged herein.

70.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff RONALD MACK was unlawfully arrested and maliciously prosecuted.

71.    Defendants, collectively and individually, while acting under color of state law,

11

were directly and actively involved in violating plaintiff RONALD MACK'S constitutional rights.

72.     All of the foregoing acts by defendants deprived plaintiff RONALD MACK of federally protected rights, including, but not limited to, the right:

      A.    Not to be deprived of liberty without due process of law;

      B.    To be free from false arrest/unlawful imprisonment;

      C.    To be free from malicious prosecution;

      D.    To be free from deprivation of his right to fair trial;

      E.    To be free from the failure to intervene;

      F.    To be free from unlawful searches.

73.     As a result of the foregoing, plaintiff RONALD MACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff RONALD MACK demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
May 15, 2014

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff RONALD MACK
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:    _____
BRETT H. KLEIN (BK4744)
JASON LEVENTHAL (JL1067)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

RONALD MACK,

                                      Plaintiff,

                    -against-

CITY OF NEW YORK, NOEL MELENDEZ, Individually,
JAVISH ORTIZ, Individually, "JOHN" MARRERO, Individually,
"JOHN" DILLON, Individually, and JOHN AND JANE DOE 1
through10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                  Defendants.

------------------------------------------------------------------------------X

Docket No.

**COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100